Welch, C. J.
The general rule is, that the court will not go beyond the assignment of errors upon the record, unless it be to consider errors relating to jurisdiction. Strictly, the only error assigned being that the court rendered its judgment fer the wrong parfy, we can only inquire whether the judgment was warranted by the finding of the court. It clearly was, for the court finds that at the time of making the note in suit, S. Oberderfer & Co. were indebted to the plaintiff in the sum for which it was made. On this finding, if true and properly made, the 'court could render no other judgment than the one it did render.
The counsel for the plaintiff in error, however, seem to argue the case upon the theory that three other assignments of error had been made. They contend that the court erred, (1) in finding the facts contrary to the evidence, and in overruling a motion for a new trial predicated upon that ground; (2) in imperfectly stating its conclusion of facts, by stating it in terms too general and comprehensive, and not answering specifically the question of fact in issue; and (3) by erroneously stating the law applicable to the facts so found. Were such the actual assignments of error in *44 the case, we still fail to see that either of them would be sustained by the record.
1. We are well satisfied that the finding of the court is supported by the evidence. The testimony set forth in the bill of exceptions convinces us that the alterations in the old notes, which were the basis and consideration of the one in suit, were made by the consent and in the presence of both the parties thereto. If that be so, then the court was right in its finding of indebtedness to the amount of the new note, and in overruling the motion for a new trial.
2. If this finding of the court was faulty, in being too general and comprehensive, and not responding to the specific questions of fact — on which question we need give no opinion now — it is enough to say that the plaintiff' in error did not except to the finding on that account, and that he is not prejudiced thereby, as the testimony which he himself has furnished us in his bill of exceptions, gives the facts in detail, and may well be substituted for a more formal and specific finding by the court.
3. The law laid down by the court in its formal finding is not laid down as the law applicable to the facts so found by the court, but as the law applicable to a hypothetical case. The proposition laid down by the court, therefore, was a mere abstraction, and it is immaterial to inquire whether the court was right or wrong. The court finds, as matter of fact, that the note in suit was founded on an indebtedness to its full amount, and then finds, as matter of law, that it is immaterial whether the old notes were fraudulently altered or not, but leaves the question whether they were so altered or n'ot wholly unanswered.
‘We, therefore, fail to see any error in the record to the injury of the plaintiff in error, and must affirm the judgment.

Judgment affirmed.